UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TBS GROUP, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF ZION, ILLINOIS,<br><br>        Defendant. | Case No. 16-cv-5855<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On June 3, 2016, Plaintiff filed a Complaint, alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and seeking declaratory judgment as well as injunctive relief to prevent Defendant from enforcing the adopted ordinance and Comprehensive Plan. Defendant filed a Motion to Dismiss [13] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendant's Motion [13] is granted.

## BACKGROUND

TBS Group, LLC is a property owner located in Round Lake Beach, Illinois, that rents properties located in Zion that are subject to the ordinance. (Compl. ¶ 6.) On or about July 7, 2015, the City of Zion, Illinois, adopted ordinance 15-O-33. (Compl.) The ordinance added the following language to the Zion Municipal Code under Section 10-9 "Permit fee schedule":

    Rental Certificate inspection                               $75.00 per dwelling unit

    Residential buildings containing more than 132 multiple-family dwelling units, as those terms are defined in Chapter 102 of this Code: Not to exceed $10,000 per calendar year.

    Residential buildings containing more than 132 multiple-family dwelling units, as those terms are defined in Chapter 102 of this Code, and part of a single,

> geographically contiguous, complex of multiple-family dwelling units, as
> determined by the Director of Building and Zoning: Not to exceed $10,000 per
> calendar year.

(Dkt. 13-2, p. 7.) The ordinance also provides permit fees for smaller residential units, commercial units, and "industrial and warehouse" units. (*Id.*) The ordinance requires that owners of rental property pay a fee, obtain a rental certificate, and open rental homes for inspection before being rented. (Compl.) Failure to comply with the ordinance results in fines of up to $10,000 per year. (*Id.*)

Under the ordinance, registration and inspection fees are $100.00 or more each, and violations can accrue a fine of $750.00 per day. (*Id.* ¶ 14.) Plaintiff alleges Defendant's ordinance has made housing unavailable because of national origin, race, or color, and constitutes discrimination in terms, conditions, or privileges of sale or rental dwellings or in provision of services because of national origin, race, or color. (*Id.* ¶ 18.) Plaintiff also alleges that this ordinance is selectively enforced against landlords who have African-American and Latino tenants or has a disparate impact on them. (*Id.* ¶ 17.) The population of Zion is 31 percent African-American, 27 percent Latino, and 48.9 percent White. (*Id.* ¶ 10.) The rental population within Zion is 39.3 percent African-American, 14.9 percent Latino, and 39 percent White. (*Id.*)

Defendant also maintains a Comprehensive Plan that places multiple-family housing almost exclusively in a specific area of Zion. (*Id.* ¶ 12.) This area is next to industrial areas and remote from green space. (*Id.*) Plaintiff further alleges the Comprehensive Plan will make housing unavailable because of national origin, race or color by locating multi-family rental housing in less-desirable industrial areas far from desirable green space. (*Id.* ¶ 19.)

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

Plaintiff alleges that Defendant's ordinance violates § 3604(a), § 3604(b), and § 3617 of the FHA. Plaintiff also alleges that the Comprehensive Plan violates § 3604(a). The parties disagree as to the pleading standard that should apply to claims under the FHA. Plaintiff argues that the notice pleading standard of Federal Rule of Civil Procedure 8 applies. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (applying Rule 8 pleading standards to the plaintiff's claims of racial discrimination in violation of the Fair Housing Act and Rule 9 heightened pleading standards to the plaintiff's fraud claims). However, the Seventh Circuit later stated that the *Iqbal/Twombly* standard was applied in *Swanson*. *McCauley v. City of Chicago*,

3

671 F.3d 611, 617 (7th Cir. 2011) ("In *Swanson*, on the other hand, we applied *Twombly*/*Iqbal* and held that the plaintiff's allegations were sufficient to survive a motion to dismiss on at least some of her claims."). The Seventh Circuit explained that "in the absence of an obvious legal alternative explanation, pleading the 'who, what, and when' of the discrimination claim was enough." *Id.* at 619. Under either interpretation, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson*, 614 F.3d at 404.

*§ 3604*

The FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). It is similarly unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." *Id*. § 3604(b). Plaintiff alleges that "[the ordinance] has made housing unavailable because of national origin, race, or color" and that "[the ordinance] also constitutes discrimination in terms, conditions, or privileges of sale or rental of dwellings or in the provision of services because of national origin, race, or color . . . ." (Compl. ¶ 18.) Plaintiff also alleges that the Comprehensive Plan "will make housing unavailable because of origin, race, or color . . . by locating multi-family rented housing in less-desirable industrial areas far from desirable green space." (*Id.* ¶ 19.) It is unclear whether Plaintiff is alleging disparate treatment, disparate impact, or both.

For a disparate-treatment claim, a plaintiff must allege that defendant had a discriminatory intent or motive. *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2513, 192 L. Ed. 2d 514 (2015) (citing *Ricci v. DeStefano*, 557

U.S. 557, 577 (2009)). On its face, the ordinance is neutral and does not require disparate treatment on the basis of origin, race, or color. The ordinance equally applies to any rental properties and is targeted at ensuring compliance with health and safety codes.[1] Plaintiff does not allege that it is the only owner of a residential building containing more than 132 multiple-family dwelling units or that the ordinance was specifically targeted at such buildings in order to discriminate on the basis of origin, race, or color. Plaintiff alleges that Zion officials, at some point in the past, indicated that they did not want to increase the number of rental units that would be rented by African-Americans. (Compl. ¶ 13.) However, the Complaint does not indicate when Plaintiff was told this or what connection it may have to the change in the ordinance. Plaintiff also alleges that, upon information and belief, the ordinance is selectively enforced. (*Id.* ¶ 17.) However, Plaintiff has not alleged facts beyond this conclusory assertion. *See Moak v. Roszak*, No. 05-cv-01652, 2005 WL 2563014, at *4 (N.D.Ill. Oct. 6, 2005) (granting motion to dismiss where plaintiff failed to state the grounds for allegations made upon information and belief).[2] Nor has Plaintiff pled any facts to show that the Comprehensive Plan was created and/or is being carried out with a discriminatory intent or purpose. Plaintiff has not sufficiently alleged disparate treatment.

A disparate impact occurs when "a facially neutral policy unjustifiably falls more harshly on a protected group than on others." *Nikolich v. Vill. of Arlington Heights*, 870 F.Supp.2d 556,

---

[1] The Supreme Court has noted that government agencies "must not be prevented from achieving legitimate objectives, such as ensuring compliance with health and safety codes." *Inclusive Communities*, 135 S. Ct. at 2524.

[2] Pleading on information and belief may be acceptable when the allegations regard "matters peculiarly within the knowledge of the defendants." *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005) (citing *Tankersley v. Albright*, 514 F.2d 956, 964 n. 16 (7th Cir. 1975)). Whether other landlords have been subject to the ordinance is not particularly within the knowledge of Defendant.

563 (N.D. Ill. 2012). A plaintiff must allege facts "demonstrating a causal connection" to "make out a *prima facie* case of disparate impact." *Inclusive Communities*, 135 S. Ct. at 2523. Plaintiff has not alleged how the inability to rent its properties, specifically, would make a disparate impact on the availability of housing for African-Americans and those of Hispanic origin. Plaintiff alleges facts about the ethnic makeup of the City and those who rent in the city in general. But there are no allegations that it would affect more of one of those groups than any other. There is also no allegation containing information regarding how Plaintiff's properties relate to the percentages of African-American and Latino renters in total, *e.g.*, if Plaintiff's properties account for 65 percent of African-American and Latino renters in the City. Nor has Plaintiff pled any facts to show that the Comprehensive Plan has or will have a disparate impact on African-American and Latino renters. Plaintiff has failed to allege a disparate impact.

Defendant also argues that Plaintiff is not an "aggrieved person" under the FHA. An aggrieved person under the FHA "includes any person who . . . (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Plaintiff alleges that "[t]here are persons who have been injured by defendant's discriminatory actions" and "have been assessed fines." (Compl. ¶ 21.) Plaintiff also alleges that it "does not have the financial means to comply with the ordinance." (*Id*. ¶ 2.) At this stage, Plaintiff has sufficiently alleged that it *will* be injured by a discriminatory housing practice that is about to occur in regards to the ordinance. If Plaintiff intends to rent any of its units, then it will be required to pay fines and fees. However, Plaintiff has failed to allege that it is an aggrieved person in regards to the Comprehensive Plan. Plaintiff has not alleged that any of its properties will be

6

moved or that it will be required to stop renting to any person on the basis of origin, race, or color because of the Comprehensive Plan.

Defendant's Motion to Dismiss is granted as to the claims under § 3604(a) and § 3604(b).

*§ 3617*

The FHA provides that it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [the FHA]." 42 U.S.C. § 3617. Plaintiff alleges that Defendant's conduct has damaged it "because the conduct interferes with [its] ability to assist others to take advantage (*sic*) of their right to fair housing by renting homes to African-American and Latino tenants." (Compl, ¶ 23.) Plaintiff does not specify if Defendant's conduct refers to the ordinance or the Comprehensive Plan.

For a § 3617 claim, a plaintiff must plead that: "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). Plaintiff has not alleged that Defendant interfered with Plaintiff on the account of its protected activity under the FHA. There is no allegation that Defendant knew that "almost all of Plaintiff's tenants are Latino or African-American." (Compl. ¶ 16.) Therefore, the Complaint does not plausibly allege that Defendant passed the ordinance amendment and adopted the Comprehensive Plan in order to interfere with Plaintiff's protected activity. Additionally, as discussed above, Plaintiff has not plausibly alleged a disparate impact arising from the ordinance or the Comprehensive Plan.

7

Defendant's Motion to Dismiss is granted as to the claims under § 3617.

## CONCLUSION

Plaintiff has failed to plausibly allege violations of the FHA. Defendant's Motion to Dismiss [13] is granted without prejudice. Plaintiff may file an amended complaint within thirty days of the entry of this Order, if it may do so in compliance with Rule 11.

Date:     January 23, 2017                  /s/ JOHN W. DARRAH
                                            JOHN W. DARRAH
                                            United States District Court Judge